UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHAWN CONNORS, Individually and on Behalf of
All Other Persons Similarly Situated,
                        Plaintiffs,

v.

MGM SPRINGFIELD, LLC,
                        Defendant.

## CLASS ACTION COMPLAINT

Plaintiff, Shawn Connors ("Plaintiff"), by his attorneys, alleges the following on behalf of himself and all others similarly situated.

## INTRODUCTION

Plaintiff brings this action individually, and on behalf of all other persons similarly situated, against his employer, MGM Springfield, LLC ("MGM"), because of MGM's violation of state and federal wage-and-hour laws. These violations include MGM implementing and enforcing illegal policies of: (1) calculating overtime rates for tipped employees based on service rates instead of the basis minimum wage, (2) paying its tipped employees less than the basic minimum wage, (3) taking a tip credit towards its minimum wage obligations for tipped employees without providing required notice that it was doing so and (4) deducting gaming employee license fees (a/k/a "Badge/Card" fees) from employees' wages.

## JURISDICTION AND VENUE

1. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), relative to the federal law claims, and as a class action under Massachusetts Rules of Civil Procedure 23, relative to the state law claims, on behalf of Plaintiff and all other persons who are or have been employed by Defendant as tipped employees.

1

2. The tipped employees are similarly situated because they are all subject to Defendant's common policies and practices of as listed above in the Introduction.

3. This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

5. Defendant regularly conducts business in this district.

6. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

7. Defendant is engaged is interstate commerce.

## PARTIES

8. Plaintiff, Shawn Connors, is, and at all relevant times was, a resident of 14 Dydo Drive, Uncasville, Connecticut 06382.

9. Defendant, MGM Springfield, LLC ("MGM"), is a luxury casino located at One MGM Way, Springfield, Hampden County, Massachusetts 01103.

## BACKGROUND FACTS

10. MGM is a casino with approximately 125,000 square feet of gaming space, 2,500 slot machines, 93 gaming tables, 23 poker tables and a high limit VIP gambling area.

11. MGM opened to the general public on August 24, 2018.

12. Defendant was at all relevant times an "employer" of the Plaintiff as that term is defined in 29 U.S.C. §203(d) and Massachusetts law.

13. Plaintiff was at all relevant times an "employee" of Defendant as defined in 29 U.S.C. § 203(e) and Massachusetts law.

14. Plaintiff was at all relevant times "employed" by Defendant as defined in 29 U.S.C. § 203(g) and Massachusetts law.

15. Defendant was at all relevant times an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

16. Plaintiff was at all relevant times an employee "engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 207.

17. Plaintiff worked more than forty hours in at least one workweek.

18. Plaintiff was not paid overtime wages at the rate of one-and-one-half times the basic minimum wage for all hours worked in excess of forty during each workweek as required by the FLSA and Massachusetts law.

19. Plaintiff was not paid at least the basic minimum wage for all hours worked under forty in a workweek as required by the FLSA and Massachusetts law.

20. Plaintiff was paid a service rate during his employment with MGM.

21. Defendant took a tip credit related to the payment of Plaintiff's wages.

22. Defendant failed to properly inform its employees, including Plaintiff, about the tip credit as required by Massachusetts law (M.G.L. c.151, § 7, paragraph 3).

23. Defendant failed to properly inform its employees, including Plaintiff, about the tip credit as required by federal law (29 U.S.C. § 203(m)).

## PLAINTIFF'S EMPLOYMENT AND WAGES WITH MGM

## MINIMUM WAGE AND TIP CREDITS

24. Massachusetts law and federal law have special rules for the payment of wages to tipped employees.

25. Under federal law, tipped employees are those that customarily and regularly receive more than $30.00 per month in tips.

26. Under Massachusetts law, tipped employees are those that regularly receive gratuities of more than $20.00 per month in tips.

27. Under federal law and Massachusetts law, employers may pay tipped employees a sub-minimum wage, also known as a "service rate" which is less than the lowest applicable minimum wage, also called the "basic minimum wage."

28. Under federal law and Massachusetts law, employers may then credit gratuities received by the employee to make up the difference between the basic minimum wage and the service rate.

29. Under federal law, the basic minimum wage has been $7.25 since July 24, 2009 and employers have been permitted to take a tip credit of up to a maximum of $5.12 per hour for tipped employees and pay a minimum service rate of $2.13 per hour.

30. The $5.12 per hour is the difference between the service rate under federal law ($2.13) and the basic minimum wage under federal law ($7.25).

31. Under Massachusetts law, the basic minimum wage was $11.00 in 2018 and employers were permitted to take a tip credit of up to a maximum of $7.25 per hour for tipped employees and pay a minimum service rate of $3.75 per hour.

32. The $7.25 per hour is the difference between the service rate under Massachusetts law ($3.75) and the basic minimum wage under Massachusetts law ($11.00).

33. Under Massachusetts law, the basic minimum has been $12.00 since January 1, 2019 and employers have been permitted to take a tip credit of up to a maximum of $7.65 per hour for tipped employees and pay a minimum service rate of $4.35 per hour.

34. The $7.65 per hour is the difference between the service rate under Massachusetts law ($4.35) and the basic minimum wage under Massachusetts law ($12.00).

**NOTICE REQUIRED TO TAKE TIP CREDIT**

35. Under the FLSA, an employer must provide the following information to a tipped employee before the employer may use or take the FLSA 3(m) tip credit:

    a. the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

    b. the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);

    c. that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

    d. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

    e. that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions. *See* Fact Sheet # 15: Tipped Employees Under the Fair Labor Standards Act (FLSA) attached hereto as **Exhibit A**.

36. Defendant failed to provide Plaintiff with the information required by the FLSA before using or taking the FLSA 3(m) tip credit.

37. Under Massachusetts law, an employer must inform tipped employees <u>in writing</u> of the provision of Mass. Gen. Laws chapter 151, section 7, paragraph 3 before the employer may use or take a tip credit.  **Exhibit B.**

38. Defendant failed to inform Plaintiff in writing of the provision of Mass. Gen. Laws chapter 151, section 7, paragraph 3 before using or taking a tip credit.

**OVERTIME WAGES FOR TIPPED EMPLOYEES**

39. Under federal law, the overtime rate for a tipped employee receiving the service rate is one-and-one-half times the basic minimum wage ($7.25 x 1.5 = $10.875), except where exempted under federal law.

40. Under Massachusetts law, the overtime rate for a tipped employee receiving the service rate is one-and-one-half times the basic minimum wage ($11.00 x 1.5 = $16.50 (for 2018) or $12 x 1.5 - $18.00 (for 2019)), except where exempted under Massachusetts law.

41. Plaintiff is not exempted under Massachusetts or federal law.

42. Defendant is not exempted under Massachusetts or federal law.

**PLAINTIFF'S WAGES WITH DEFENDANT**

43. Plaintiff has been employed by Defendant as a dealer from approximately July 2018 to the present.

44. In 2018, Defendant paid Plaintiff a service rate of $5.00 per hour, plus dealer tips, also known as "tokes."

45. In or about March 2019, Defendant paid Plaintiff a service rate of $5.09 per hour, plus dealer tips, also known as "tokes."

**DEFENDANT'S TIP CREDIT**

46. In 2018, Defendant took a tip credit for Plaintiff of $6.00 per hour towards the basic minimum wage ($11.00 per hour) under Massachusetts law.

47. In 2018, Defendant took a tip credit for Plaintiff of $2.25 per hour towards the basic minimum wage ($7.25) under federal law.

48. From approximately January 2019 through approximately February 2019, Defendant took a tip credit for Plaintiff of $7.00 per hour towards the basic minimum wage ($12.00 per hour) under Massachusetts law.

49. From approximately January 2019 through approximately February 2019, Defendant took a tip credit for Plaintiff of $2.25 per hour towards the basic minimum wage ($7.25) under federal law.

50. From approximately March 2019 to the present, Defendant took a tip credit for Plaintiff of $6.91 per hour towards the basic minimum wage ($12.00) under Massachusetts law.

51. From approximately March 2019 to the present, Defendant took a tip credit for Plaintiff of $2.16 per hour towards the basic minimum wage ($7.25) under federal law.

**OVERTIME PAY TO PLAINTIFF**

52. Under Massachusetts law, an employer may not take a tip credit for an overtime hour. *See* 454 CMR 27.03 (3) attached hereto as **Exhibit B**.

53. Under the FLSA, an employer may not take a larger tip credit for an overtime hour than it takes for a straight time hour. *See* **Exhibit A**.

54. In 2018, Defendant paid Plaintiff overtime at a rate of one-and-one-half times the service rate ($5.00 x 1.5 = $7.50) instead of one-and-one-half times the basic minimum wage ($11.00 x 1.5 = $16.50) as required by Massachusetts law.

55. From approximately January 2019 through February 2019, Defendant paid Plaintiff overtime at a rate of one-and-one-half times the service rate ($5.00 x 1.5 = $7.50) instead of one-and-one-half times the basic minimum wage ($12.00 x 1.5 = $18.00) as required by Massachusetts law.

56. From approximately March 2019 to the present, Defendant paid Plaintiff overtime at a rate of one-and-one-half times the service rate ($5.09 x 1.5 = $7.64) instead of one-and-one-half times the basic minimum wage ($12.00 x 1.5 = $18.00) as required by Massachusetts law.

57. From approximately 2018 through February 2019, MGM took a tip credit of $2.25 per hour in an attempt to satisfy its minimum wage obligations under the FLSA.

58. From 2018 through approximately February 2019, Defendant paid Plaintiff overtime compensation at a rate of one-and-one-half times the service rate ($5.00 x 1.5 = $7.50) instead of one-and-one-half times the basic minimum wage ($7.25 x 1.5 = $10.875) as required by federal law. In addition, by paying Plaintiff at a rate of $7.50 per hour for overtime, Defendant took a tip credit of $3.375 ($10.875 – $7.50 = $3.375) which is more than the maximum tip credit of $2.25 it was allowed to take under the FLSA.

59. From approximately March 2019 to the present, MGM took a tip credit of $2.16 per hour to satisfy its minimum wage obligations under the FLSA.

60. From approximately March 2019 to the present, Defendant paid Plaintiff overtime compensation at a rate of one-and-one-half times the service rate ($5.09 x 1.5 = $7.64) instead of one-and-one-half times the basic minimum wage ($7.25 x 1.5 = $10.875) as required by federal law. In addition, by paying Plaintiff at a rate of $7.64 per hour for overtime, Defendant took a tip credit of $3.24 ($10.875 – $7.64 = $3.24) which is more than the maximum tip credit of $2.16 it is allowed to take under the FLSA.

61. At various times throughout his employment, Plaintiff worked more than forty hours in a workweek. *See* **Exhibit C**.

62. Plaintiff filed a timely complaint with the Massachusetts Attorney General's Office requesting permission to pursue a private right of action in Court. *See* **Exhibit D**.

**DEDUCTIONS FROM EARNED WAGES**

63. With limited exceptions, the Massachusetts Wage Act generally prohibits an employer from deducting from, or withholding payment of, any earned wages.

64. Defendant deducted $300.00 from Plaintiff's earned wages over a period of 4 weeks for a gaming employee license fee (a/k/a "Badge/Card" deduction) in violation of the Massachusetts Wage Act.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

65. Attached to this Complaint as **Exhibit E** is a written consent to the filing of the Complaint duly executed by Plaintiff pursuant to 29 U.S.C. §216(b).

66. Plaintiff seeks to pursue this action as an FLSA collective action on behalf of himself and all other tipped employees who have worked or who currently work for MGM (the "FLSA Collective").

67. While the exact number of members of the FLSA Collective is unknown to Plaintiff at the present time, Plaintiff believes that at least one hundred (100) similarly situated persons fall within the class's definition. Thus, a collective action is the most efficient mechanism for resolution of the claims of the FLSA Collective.

68. The FLSA Collective members were paid in the same manner and under the same standard employment procedures and practices as Plaintiff, including as they relate to overtime, minimum wage, and deductions.

**OVERTIME ALLEGATIONS**

69. Plaintiff and the FLSA Collective members worked more than forty hours in at least one workweek.

70. Plaintiff and the FLSA Collective members were not paid overtime wages at the rate of one-and-one-half times the basic minimum wage for all hours worked in excess of forty during each workweek as required by the FLSA.

71. Plaintiff and the FLSA Collective members were all subject to Defendant's common policy and practice of calculating the overtime rate for tipped employees based on their service rate instead of the basic minimum wage.

72. Plaintiff and the FLSA Collective members were not exempt from the overtime provisions of the FLSA.

73. Defendant was aware of Defendant's common policy and practice of calculating the overtime rate for tipped employees based on their service rate instead of the basic minimum wage.

74. Defendant was aware that Plaintiff and the FLSA Collective members were not exempt from the overtime provisions of the FLSA.

75. Plaintiff is currently unaware of the identities of all the FLSA Collective members.

76. Defendant violated 29 U.S.C. §207(a) by failing to pay the Plaintiff and the FLSA Collective members one-and-one-half times the basic minimum wage for all hours worked in excess of forty during each workweek.

77. Defendant's violations of 29 U.S.C. §207(a) were willful, repeated, and intentional.

78. Plaintiff and the FLSA Collective members have been damaged by said violations of 29 U.S.C. §207(a).

79. Pursuant to 29 U.S.C. §207(a) and §216(b), Defendant is liable to the Plaintiff and the FLSA Collective members for the full amount of their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus interest, attorneys' fees and costs.

**MINIMUM WAGE ALLEGATIONS**

80. Plaintiff and the FLSA Collective members were not paid the basic minimum wage for all hours worked as required by the FLSA.

81. Plaintiff and the FLSA Collective members were all subject to Defendant's common policy and practice of paying its tipped employees less than the basic minimum wage and taking a tip credit but failing to properly inform its employees about the tip credit as required by federal law (29 U.S.C. § 203(m)).

82. Plaintiff and the FLSA Collective members were not exempt from the minimum wage provisions of the FLSA.

83. Defendant was aware of Defendant's common policy and practice of paying its tipped employees less than the basic minimum wage and taking a tip credit but failing to properly inform its employees about the tip credit as required by federal law (29 U.S.C. § 203(m)).

84. Defendant was aware that Plaintiff and the FLSA Collective members were not exempt from the minimum wage provisions of the FLSA.

85. Plaintiff is currently unaware of the identities of all the FLSA Collective members.

86. Defendant violated 29 U.S.C. §206 by paying Plaintiff and the FLSA Collective members less than the basic minimum wage and taking a tip credit but failing to properly inform the members about the tip credit as required by federal law (29 U.S.C. § 203(m)).

87. Defendant's violations of 29 U.S.C. §207(a) were willful, repeated, and intentional.

88. Plaintiff and the FLSA Collective members have been damaged by said violations of 29 U.S.C. §207(a).

89. Pursuant to 29 U.S.C. §206 and §216(b), Defendant is liable to the Plaintiff and the FLSA Collective members for the difference between the minimum wage under the FLSA and the service rate that they were paid, plus an additional equal amount as liquidated damages, plus interest, attorneys' fees and costs.

## MASSACHUSETTS CLASS ACTION ALLEGATIONS

90. The class allegations are brought pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure on behalf of Plaintiff and all other tipped employees who have worked or who currently work for MGM (the "Class").

91. The Class includes all persons who are or were employed by Defendant as tipped employees (a) that were not paid overtime wages at the rate of one-and-one-half times the basic minimum wage for all hours worked in excess of forty during each workweek, (b) that were not paid at least the basic minimum wage for all hours worked, and/or (c) that had a gaming employee license fee deducted from their pay.

92. Plaintiff reserves the right to modify the Class definition before moving for class certification, including a reservation of the right to seek to certify subclasses, if discovery or other factors reveal that modifying the class definitions and/or seeking additional subclasses would be appropriate.

93. The Relevant Period is limited to the applicable statute of limitations for claims at issue and runs until the date of entry of final judgment in this action.

94. The Class is composed of at least one hundred (100) people, the joinder of whom is impracticable except by means of a class action. The disposition of their claims in a class action

will benefit the parties and the Court. Defendant employed at least one hundred (100) tipped employees in Massachusetts, and thus the Class is sufficiently numerous to make joinder impracticable, if not completely impossible.

95. There is a well-defined community of interest in the questions of law and fact involving and affecting the parties to be represented. Common questions of law and fact exist and such common questions predominate over any questions of law or fact which may affect only individual Class members. Such common questions include but are not limited to the following:

    a. Whether Defendant paid overtime compensation to Plaintiff and the Class based on the service rate instead of the basic minimum wage;

    b. Whether Defendant paid to Plaintiff and the Class less than the basic minimum wage;

    c. Whether Defendant took a tip credit for Plaintiff and the Class;

    d. Whether Defendant properly informed Plaintiff and the Class in writing about the tip credit;

    e. Whether Defendant deducted gaming employee license fees from the Plaintiff and the Class;

    f. Whether Defendant violated Massachusetts law when it paid overtime compensation to Plaintiff and the Class based on the service rate instead of the basic minimum wage;

    g. Whether Defendant violated Massachusetts law when it paid Plaintiff and the Class less than the basic minimum wage;

    h. Whether Defendant violated Massachusetts law when it took a tip credit for the Plaintiff and the Class;

      i.    Whether Defendant violated Massachusetts law when it failed to inform Plaintiff and the Class in writing about the tip credit; and

      j.    Whether Defendant violated Massachusetts law when it deducted gaming employee license fees from the Plaintiff and the Class.

      k.    Whether, by reason of Defendant's violations of Massachusetts law, Plaintiff and the Class are entitled to damages;

96. Plaintiff asserts claims that are typical of the claims of the entire Class because of Defendant's common policies and practice of:

    a. calculating the overtime rate for tipped employees based on their service rate instead of the basic minimum wage;

    b. paying its tipped employees less than the basic minimum wage;

    c. taking a tip credit relative to its tipped employees;

    d. failing to properly inform its employees about the tip credit; and

    e. deducting gaming employee license fees (a/k/a "Badge/Card" fees) from employees pay.

97. Plaintiff and his attorneys will fairly and adequately represent and protect the interest of the Class. Plaintiff has no interests antagonistic of those of the Class. Plaintiff has retained counsel who are competent and experienced in class action litigation.

98. Defendant has acted or refused to act on grounds generally applicable to all members of the Class, thereby making final relief concerning the Class as a whole appropriate.

99. Plaintiff and the Class have suffered injury and damages as a result of Defendant's wrongful conduct as alleged herein. Absent a class action, the Class will continue to suffer injury,

thereby allowing these alleged violations of law to proceed without remedy, and allowing Defendant to retain the proceeds of its ill-gotten gains.

100. Plaintiff anticipates that there will be no difficulty in the management of this litigation. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. §§ 207 and 216(b))

101. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

102. Defendant employed Plaintiff and the FLSA Collective members for workweeks longer than forty (40) hours.

103. During the weeks where Plaintiff and the FLSA Collective members worked more than forty (40) hours, Plaintiff and the FLSA Collective members did not receive compensation for their employment in excess of forty (40) hours at a rate not less than one-and-one-half times the basic minimum wage as required by the FLSA.

104. Plaintiff and the FLSA Collective members are entitled to damages.

## COUNT II
## MINIMUM FAIR WAGES – Payment of Overtime Due
## (Mass Gen. Laws, Ch. 151, § 1A)

105. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

106. Plaintiff has complied with all prerequisites to filing suit under Mass. G.L. ch. 149 and otherwise.

107. Defendant employed Plaintiff and the Class members for workweeks longer than forty (40) hours.

108. During the weeks where Plaintiff and Class members worked more than forty (40) hours, Plaintiff and the Class members did not receive compensation for their employment in excess of forty (40) hours at a rate not less than one-and-one-half times the basic minimum wage regular rate as required by Massachusetts law.

109. Plaintiff and Class members are entitled to damages.

### COUNT III
### FAIR LABOR STANDARDS ACT – Payment of Minimum Wage
### (29 U.S.C. §§ 206 and 216(b))

110. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

111. Defendant employed Plaintiff and the FLSA Collective members at a rate less than $7.25 per hour as required by the FLSA.

112. Plaintiff and the FLSA Collective members are entitled to damages.

### COUNT IV
### MINIMUM FAIR WAGES – Payment of Minimum Wage Due
### (Mass Gen. Laws, Ch. 151, § 1)

113. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

114. Defendant employed Plaintiff and the Class members at a rate less than $11.00 per hour in 2018 as required by Massachusetts law.

115. Defendant employed Plaintiff and the Class members at a rate less than $12.00 per hour in 2019 as required by Massachusetts law.

116. Plaintiff and the Class Members are entitled to damages.

## COUNT V
## MASSACHUSETTS WAGE ACT – Improper Deductions
## (Mass. Gen. Laws, Ch. 149, §§ 150A and 180)

117. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully herein.

118. Defendant made a deduction from the wages of Plaintiff and Class members for Badge/Card fees in violation of Massachusetts law.

119. Plaintiff and Class Members are entitled to damages.

## COUNT VI
## WEEKLY PAYMENT OF WAGES – Failure to Pay Wages
## (Mass. Gen. Laws, Ch. 149, §§ 148 and 150)

120. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

121. Plaintiff has complied with all prerequisites to filing suit under Mass. G.L. ch. 149 and otherwise.

122. Defendant failed to pay weekly or bi-weekly to Plaintiff and the Class members all the wages earned by Plaintiff and Class members within seven days of the termination of the pay period during which the wages were earned.

123. Plaintiff and Class members were employed seven days in a calendar week by Defendant.

124. Plaintiff and Class members are entitled to damages.

## CLAIMS FOR RELIEF

Wherefore, Plaintiff, the FLSA Collective members, and the Class members, respectfully request that the Court:

A. Declare Counts I and III of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendant to provide Plaintiff with lists of all persons employed by

it as tipped employees, including but not limited to the last known address, telephone number, and email address of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Declare this action to be maintainable as a class action pursuant to Mass. R. Civ. P. 23 as it relates to Counts II, IV, V, and VI;

C. Designate Plaintiff as the representative of the Class;

D. Designate Plaintiff's counsel as Class counsel;

E. Determine the damages sustained by Plaintiff and the FLSA Collective members as a result of Defendant's violations of 29 U.S.C. §§ 206 and 207, and award those damages against Defendant and in favor of Plaintiff and the FLSA Collective members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

F. Determine the damages sustained by Plaintiff and the Class members as a result of Defendant's violations of Mass. G. L. c. 151, §§1, 1A and 1B; M.G.L. c. 149 §§148, 150, 150A and 180, and award treble damages against Defendant and in favor of said Plaintiff and the Class members, and such interest as may be allowed by law;

G. Award Plaintiff, the FLSA Collective members, and the Class members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, and experts' fees and such interest as may be allowed by law; and

H. Grant Plaintiff, the FLSA Collective members and the Class members such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, on behalf of himself and all others similarly situated, hereby demands a trial by jury on all issues and claims so triable.

Dated: October  28 , 2019            Plaintiff
                                     By His Attorneys,

                                     _____
                                     Benjamin Knox Steffans (BBO# 568535)
                                     Steffans Legal LLC
                                     7 North Street, Suite 307
                                     Pittsfield, Massachusetts 01201
                                     bsteffans@steffanslegal.com
                                     413-418-4176