**U.S. Department of Labor**
Wage and Hour Division



U.S. Wage and Hour Division
(Revised April 2018)

# Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA)

> In the Consolidated Appropriations Act, 2018 (Act), Congress vacated the Department's 2011 regulations that barred tip pooling when employers do not claim a tip credit under section 3(m) of the Fair Labor Standards Act. Statements in this document to the contrary are no longer WHD policy. The Act did not impact WHD's enforcement when an employer claims a tip credit. For further information, see FAB 2018-3.
>
> For current guidance on dual jobs and related duties under Section 3(m) of the Fair Labor Standards Act, see FAB 2019-2.

This fact sheet provides general information concerning the application of the FLSA to employees who receive tips.

**Characteristics**

Tipped employees are those who customarily and regularly receive more than $30 per month in tips. Tips are the property of the employee. The employer is prohibited from using an employee's tips for any reason other than as a credit against its minimum wage obligation to the employee ("tip credit") or in furtherance of a valid tip pool. Only tips actually received by the employee may be counted in determining whether the employee is a tipped employee and in applying the tip credit.

Tip Credit: Section 3(m) of the FLSA permits an employer to take a tip credit toward its minimum wage obligation for tipped employees equal to the difference between the required cash wage (which must be at least $2.13) and the federal minimum wage. Thus, the maximum tip credit that an employer can currently claim under the FLSA section 3(m) is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13). Under certain circumstances, an employer may be able to claim an additional overtime tip credit against its overtime obligations.

Tip Pool: The requirement that an employee must retain all tips does not preclude a valid tip pooling or sharing arrangement among employees who customarily and regularly receive tips, such as waiters, waitresses, bellhops, counter personnel (who serve customers), bussers, and service bartenders. A valid tip pool may not include employees who do not customarily and regularly received tips, such as dishwashers, cooks, chefs, and janitors.

**Requirements**

The employer must provide the following information to a tipped employee before the employer may use the FLSA 3(m) tip credit:

> 1) the amount of cash wage the employer is paying a tipped employee, which must be at least $2.13 per hour;
>
> 2) the additional amount claimed by the employer as a tip credit, which cannot exceed $5.12 (the difference between the minimum required cash wage of $2.13 and the current minimum wage of $7.25);
>
> 3) that the tip credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;
>
> 4) that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

FS-15

    5) that the tip credit will not apply to any tipped employee unless the employee has been informed of these tip credit provisions.

The employer may provide oral or written notice to its tipped employees informing them of items 1-5 above. An employer who fails to provide the required information cannot use the section 3(m) tip credit and therefore must pay the tipped employee at least $7.25 per hour in wages and allow the tipped employee to keep all tips received.

Employers electing to use the tip credit provision must be able to show that tipped employees receive at least the minimum wage when direct (or cash) wages and the tip credit amount are combined. If an employee's tips combined with the employer's direct (or cash) wages of at least $2.13 per hour do not equal the minimum hourly wage of $7.25 per hour, the employer must make up the difference.

Retention of Tips: A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.[1] The FLSA prohibits any arrangement between the employer and the tipped employee whereby any part of the tip received becomes the property of the employer. For example, even where a tipped employee receives at least $7.25 per hour in wages directly from the employer, the employee may not be required to turn over his or her tips to the employer.

Tip Pooling: As noted above, the requirement that an employee must retain all tips does not preclude a valid tip pooling or sharing arrangement among employees who customarily and regularly receive tips. The FLSA does not impose a maximum contribution amount or percentage on valid mandatory tip pools. The employer, however, must notify tipped employees of any required tip pool contribution amount, may only take a tip credit for the amount of tips each tipped employee ultimately receives, and may not retain any of the employees' tips for any other purpose.

Dual Jobs: When an employee is employed by one employer in both a tipped and a non-tipped occupation, such as an employee employed both as a maintenance person and a waitperson, the tip credit is available only for the hours spent by the employee in the tipped occupation. The FLSA permits an employer to take the tip credit for some time that the tipped employee spends in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips. For example, a waitperson who spends some time cleaning and setting tables, making coffee, and occasionally washing dishes or glasses is considered to be engaged in a tipped occupation even though these duties are not tip producing. However, where a tipped employee spends a substantial amount of time (in excess of 20 percent in the workweek) performing related duties, no tip credit may be taken for the time spent in such duties.

Service Charges: A compulsory charge for service, for example, 15 percent of the bill, is not a tip. Such charges are part of the employer's gross receipts. Sums distributed to employees from service charges cannot be counted as tips received, but may be used to satisfy the employer's minimum wage and overtime obligations under the FLSA. If an employee receives tips in addition to the compulsory service charge, those tips may be considered in determining whether the employee is a tipped employee and in the application of the tip credit.

---

[1] WHD will not enforce the Department's regulations on the retention of employees' tips with respect to any employee who is paid a cash wage of not less than the full Fair Labor Standards Act (FLSA) minimum wage ($7.25) and for whom their employer does not take an FLSA section 3(m) tip credit.

<u>Credit Cards</u>: Where tips are charged on a credit card and the employer must pay the credit card company a percentage on each sale, the employer may pay the employee the tip, less that percentage. For example, where a credit card company charges an employer 3 percent on all sales charged to its credit service, the employer may pay the tipped employee 97 percent of the tips without violating the FLSA. However, this charge on the tip may not reduce the employee's wage below the required <u>minimum wage</u>. The amount due the employee must be paid no later than the regular pay day and may not be held while the employer is awaiting reimbursement from the credit card company.

<u>Youth Minimum Wage</u>: The 1996 Amendments to the FLSA allow employers to pay a youth minimum wage of not less than $4.25 per hour to employees who are under 20 years of age during the first 90 consecutive calendar days after initial employment by their employer. The law contains certain protections for employees that prohibit employers from displacing any employee in order to hire someone at the youth minimum wage.

**Typical Problems**

<u>Minimum Wage Problems</u>:

- Where an employee does not receive sufficient tips to make up the difference between the direct (or cash) wage payment (which must be at least $2.13 per hour) and the <u>minimum wage</u>, the employer must make up the difference.
- Where an employee receives tips only and is paid no cash wage, the full <u>minimum wage</u> is owed.
- Where deductions for walk-outs, breakage, or cash register shortages reduce the employee's wages below the minimum wage, such deductions are illegal. <u>When an employer claims an FLSA 3(m) tip credit, the tipped employee is considered to have been paid only the minimum wage for all non-overtime hours worked in a tipped occupation and the employer may not take deductions for walkouts, cash register shortages, breakage, cost of uniforms, etc., because any such deduction would reduce the tipped employee's wages below the minimum wage.</u>
- Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed the full $7.25 minimum wage and reimbursement of the amount of tips that were improperly utilized by the employer.

<u>Overtime Problems</u>:

- Where the employer takes the tip credit, overtime is calculated on the full minimum wage, **not** the lower direct (or cash) wage payment. The employer may not take a larger FLSA 3(m) tip credit for an overtime hour than for a straight time hour. Under certain circumstances, an employer may be able to claim an additional overtime tip credit against its overtime obligations.                                                                 3
- Where <u>overtime</u> is not paid based on the regular rate including all service charges, commissions, bonuses, and other remuneration.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website:**
<u>http://www.wagehour.dol.gov</u> **and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

| | |
|---|---:|
| **U.S. Department of Labor** | **1-866-4-USWAGE** |
| Frances Perkins Building | TTY: 1-866-487-9243 |
| 200 Constitution Avenue, NW | <u>**Contact Us**</u> |
| Washington, DC 20210 | |

4